IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles C. Fritz, | ) | C/A No. 3:09-3227-JFA |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **ORDER ON REMAND** |
| | ) | |
| Universal Technical Institute, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter was removed to this court based on the assertion of diversity jurisdiction

under 28 U.S.C. §1332. Jurisdiction under this section exists when the parties have complete

diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests

and costs. The amount in controversy requirement is tested at the time of removal. When

an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand

unless it appears to a legal certainty that plaintiff *cannot* recover damages in excess of

$75,000. Wright, Miller & Cooper, *Federal Practice and Procedure* §3725 (1985 and Supp.

1998). Frequently, these requirements are satisfied when actual and punitive damages are

sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the

amount of damages sought prior to the time of removal. Limitations on damages after

removal do not affect jurisdiction; however, clarifications of the amount sought at the time

of removal may result in remand. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303

U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great*

*Atlantic & Pacific Tea Co.,* 728 F. Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may

be subject to post-removal clarification); Wright & Miller § 3702 (Supp. 1998).

The complaint in the present case seeks only unspecified actual damages.  Pursuant to a special interrogatory to the plaintiff, the court sought clarification of the plaintiff's intent, at the time this matter was initially filed in state court, to pursue monetary damages. By filing on January 11, 2010, plaintiff stipulated that his damages in his claims do not exceed $75,000.  As a result of plaintiff's stipulation, to which he is bound, that the amount in controversy for his demand does not exceed $75,000, this court lacks subject matter jurisdiction and remands the action to the Court of Common Pleas for Richland County. Plaintiff's motion to remand [dkt. #7] is granted.

No costs shall be imposed as removal was not improper given the facts then known to defendants.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

January 12, 2010                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge